No. 18,213.

T. G. GRANBERRY *v.* MILDRED WRIGHT, ET AL.

(320 P. [2d] 979)

Decided January 27, 1958.

Mr. ISAAC E. MOORE, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE HOLLAND delivered the opinion of the Court.

ON or about July 28, 1954, defendants in error made arrangements with plaintiff in error, a mortician, to embalm the body and provide a casket for the father of Mildred Wright, one of the defendants in error, and for the shipping of the body to Conroy, Texas. Not hav-

ing the money immediately available for this expense, defendants in error signed a promissory note to the order of plaintiff in error for the sum of $530.32 to be paid on or before October 28, 1954.

The evidence discloses that the body was embalmed and the casket provided. The body lay in state at the mortuary, and thereafter was taken to the union station at Denver for shipment, and that plaintiff, the mortician, paid for the tickets to accompany the body.

The promissory note, being an exhibit in the case, shows, by endorsement on the back thereof, that on the 27th day of June, 1954, a payment of $200 was made, leaving a balance of $330.32. An error is obvious, because the date of this payment credited on the note is one month prior to the date of the note.

Defendants having failed to pay the note, plaintiff filed this action to recover the balance due in the amount of $330.32, with interest at the rate of one per cent per annum. Defendants answered, denying every allegation contained in the complaint except the jurisdiction of the county court, where the action was originally filed and later transferred to the district court. By way of counterclaim, defendants prayed for $5000 on account of having suffered emotional shock, humiliation and mental anguish by reason of plaintiff's willful, wanton and negligent failure to properly prepare the body for interment. On the trial, defendants admitted the execution of the promissory note and stated that it was given for embalming a body and for a casket and funeral expenses.

After taking all the testimony offered by both sides, the trial court dismissed plaintiff's complaint and defendant's counterclaim.

It is apparent that the trial court after hearing all of the testimony felt that reasonable solution would be to not allow either side to recover; however, to support this finding on defendants' counterclaim it follows that the court did not consider the counterclaim as a

legitimate claim to be considered as an offset to the note. This being true, such finding was tantamount to a finding that the note sued upon was a valid and subsisting obligation due plaintiff from defendants. This finding has full and complete support from the testimony of both parties to the note. Defendants failed to show the note was without consideration and therefore the trial court was in error in dismissing plaintiff's complaint.

Defendants have made no appearance in this court.

The judgment is reversed and the cause remanded with direction to enter judgment in favor of plaintiff and against defendants and each of them in the amount prayed for in the complaint, together with interest thereon, and the costs herein expended.